RECEIPT NUMBER
560174

16

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**SEAN MCMAHON,**

**Plaintiff,**

**-vs-**

**RJM ACQUISITIONS LLC,**

**Defendant.**

Case: 2:07-cv-13151
Assigned To: Borman, Paul D
Referral Judge: Scheer, Donald A
Filed: 07-27-2007 At 04:49 PM
CMP MCMAHON V RJM ACQUISITIONS LLC
(LG)

LAW OFFICES OF BRIAN P. PARKER, P.C.
BRIAN P. PARKER (P 48617)
Attorney for Plaintiff
30700 Telegraph Rd., Suite 1580
Bingham Farms, MI 48025
(248) 642-6268
(248) 642-8875 (FAX)
lemonlaw@ameritech.net
WWW.COLLECTIONSTOPPER.COM

## COMPLAINT AND DEMAND FOR JURY

Plaintiff, **SEAN MCMAHON,** (Plaintiff) by and through counsel, brings this action against the above listed Defendant **RJM ACQUISITIONS LLC,**, (Defendant) on the grounds and in the amounts set forth herein:

## I. PRELIMINARY STATEMENT

The plaintiff brings this action for damages based upon the Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq,* and seeks actual damages, punitive damages, costs and attorney's fees.

## II. PARTIES

1.

The plaintiff is a natural person and consumer, a resident of Dearborn, Wayne County, Michigan, and a "consumer" as defined by 15 U.S.C. § 1692a(3).

2.

The defendant is a Foreign Corporation located in Syosset, New York.

3.

The defendant is engaged in the collection of debts from consumers using the mail and telephone. The defendants regularly attempt to collect consumer debts alleged to be due another and is a "debt collector" as provided in 15 U.S.C. § 1692a(6).

## III. JURISDICTION AND VENUE

4.

This court has subject matter jurisdiction over this Complaint pursuant to FDCPA, 15 U.S.C. § 1692 *et seq*. The venue is proper in any court of competent jurisdiction under 15 U.S.C. § 1692k(d). The court may also exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts that give rise to any federal law claims under 28 U.S.C. § 1367.

## IV. STATUTORY STRUCTURE

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

5.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. § 1692.

6.

Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

7.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

8.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

9.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

10.

A debt collector may not violate the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

11.

Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorneys' fees as determined by the Court and costs of this action. 15 U.S.C. § 1692k.

12.

The Michigan Collection Practices Act (MCPA), MCLA 445.251 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

13.

A "Collection agency" means a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another person, arising out of an expressed or implied agreement. MCLA 445.251 (1)(b).

14.

A "Consumer" or "debtor" means a natural person obligated or allegedly obligated to pay a debt. MCLA 445.251 (1)(d).

15.

Prohibited acts by debt collectors or collection agencies under MCLA 445.252 include:

(a) Communicating with a debtor in a misleading or deceptive manner, such as using the stationery of an attorney or credit bureau unless the regulated person is an attorney or is a credit bureau and it is disclosed that it is the collection department of the credit bureau.

(b) Using forms or instruments which simulate the appearance of judicial process.

(d) Using forms that may otherwise induce the belief that they have judicial or official sanction.

(e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt.

(f) Misrepresenting in a communication with a debtor 1 or more of the following:

(i) The legal status of a legal action being taken or threatened.

(ii) The legal rights of the creditor or debtor.

(iii) That the nonpayment of a debt will result in the debtor's arrest or imprisonment, or the seizure, garnishment, attachment, or sale of the debtor's property.

(i) Communicating information relating to a debtor's indebtedness to an employer or an employer's agent unless the communication is specifically authorized in writing by t he debtor subsequent to the forwarding of the claim for collection, the communication is in response to an inquiry initiated by the debtor's employer or the employer's agent, or the communication is for the purpose of acquiring location information about the debtor.

(q) Failing to implement a procedure designed to prevent a violation by an employee.

(s) Employing a person required to be licensed under article 9 of Act No. 299 of the Public Acts of 1980, being sections 339.901 to 339.916 of the Michigan Compiled Laws, to collect a claim unless that person is licensed under article 9 of Act No. 299 of the Public Acts of 1980.

(n) Using a harassing, oppressive, or abusive method to collect a debt.

16.

Under The Michigan Collection Practices Act, MCLA 445.257 et seq.(1) A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this act may bring an action for damages or other equitable relief.(2) In an action brought pursuant to subsection (1), if the court finds for the petitioner, recovery shall be in the amount of actual damages or $50.00, whichever is greater. If the court finds that the method, act, or practice was a wilful violation, the court may assess a civil fine of not less than 3 times the actual damages, or $150.00, whichever is greater, and shall award reasonable attorney's fees and court costs incurred in connection with the action.

## V. FACTUAL ALLEGATIONS

17.

Plaintiff has received numerous phone calls from Defendant representatives at work and at home in regards to the collection of an alleged debt.

18.

Plaintiff does not even owe the alleged debt that Defendant is calling him about. **Please see attached Exhibit No. 1.**

19.

In its conversations with Plaintiff, Defendant representatives have failed to identify themselves.

20.

Defendant representatives have called Plaintiff after 9:00 p.m., in violation of the FDCPA.

21.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks her attorney fees and costs under the FDCPA and MCPA.

## VI. CAUSES OF ACTION

## CLAIM AGAINST DEFENDANT UNDER THE FDCPA

22.

The defendant has violated the FDCPA, 15 U.S.C. § 1692e (10) by the use of false representations and deceptive means in pursuing Plaintiff for a debt that was not validated.

23.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity.

24.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

25.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number.

26.

Defendant has violated the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

27.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount or legal status of any debt.

28.

Defendant has violated the FDCPA, 15 U.S.C. § 1692f(i) by collecting any amount not permitted by law.

29.

Defendant has violated the FDCPA, 15 U.S.C. § 1692c(a)(1) by contacting the consumer at after 9:00 p.m.

30.

Defendant has violated the FDCPA, 15 U.S.C. § 1692c(a)(3) by communicating with the consumer at the consumer's place of employment.

31.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA.

**CLAIM AGAINST DEFENDANT UNDER THE MCPA AND THE MICHIGAN OCCUPATIONAL CODE**

32.

Defendant has violated MCLA 445.252 (a) with the use of false representations and deceptive means in its contact of Plaintiff.

33.

Defendant has violated MCLA 445.252(n) by using a harassing, oppressive or abusive method to collect on a debt.

34.

Defendant has violated MCLA 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

35.

Defendant has violated MCLA 445.252(g) by communicating with a debtor without accurately disclosing the caller's identity.

36.

Defendant has violated MCLA 445.252(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt.

37.

Defendant's foregoing acts in attempting to collect this alleged debt against the Plaintiff constitute violations of the Occupational Code, M.C.L. § 339.915 including but not limited to the following:

a. (n) Using a harassing, oppressive or abusive method to collect a debt.

b. (q) By failing to implement a procedure designed to prevent a violation by an employee.

c. (g) By communicating with a debtor without accurately disclosing the caller's identity.

d. (a) By communicating with a debtor in a misleading or deceptive manner.

e. (e) By making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt.

38.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the MCPA and the Michigan Occupational Code.

39.

Under MCLA 445.257 et seq., Plaintiff is eligible for equitable relief, triple damages and his attorney fees and costs. and further statutory damages under the act.

40.

As a result of the actions of Defendant, Plaintiff hired the undersigned counsel. Counsel has been an attorney in good standing for almost 13 years and has handled thousands of consumer cases, personally. Counsel is known in his field of a consumer advocate and a competent, experienced consumer trial attorney. As a result, counsel's time is billed at the reasonable rate of $350.00 an hour.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grants the following relief against the Defendant:

1. For compensatory damages;
2. For statutory damages;
3. For punitive damages;
4. For attorneys' fees and costs incurred in this action;
5. For Triple Damages under the MCPA, and
5. For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

This 27th day of June, 2007

Respectfully submitted,

BRIAN P. PARKER (P48617)
Attorney for Plaintiff

Ex. #1

Sent 7-17-07

*RJM ACQUISITIONS LLC*
*575 Underhill Blvd*
*Suite 224*
*Syosset, NY 11791*
*1 (800) 651-4572 Toll Free*
*Fax# (516) 714-1310*

May 17, 2007

SEAN P MCMAHON

NOTIFICATION OF INACCURACY/DISPUTE

**Original/Previous Creditor:** **CHARTER ONE BK, N.A. OVERDRAFT/DDA**
**RJM File Number:** **1005618908**
**Account Number** **48803**

Dear SEAN P MCMAHON:

It is requested that you complete and sign this **notification of inaccuracy/dispute** and return it to us at the above address if you believe any information concerning the above referenced account is not accurate.

Reason(s) for inaccuracy/dispute: (Please check ALL boxes that apply)

[ ] Not my social security number
[ ] Never signed application
[ ] My wallet/purse was lost
[ ] My wallet/purse was stolen
[ ] My identity was stolen
[ ] Never applied for this account
[ ] Never lived at address on record
[ ] Account included in bankruptcy: case# ______ ; filing date ______ ; discharge date ______
[X] My spouse/family member Mother is responsible
[ ] Other ______
[ ] Never received credit card/checks in the mail
[ ] I was a minor when account was opened (Please provide date of birth)
[ ] I was only an authorized user of this account (not a responsible party)
[ ] This account was opened after my divorce
[X] Account was settled/paid. (Please provide proof)
[ ] Account balance is not accurate. Balance should be $______
[ ] responsible for the sum of $______

PLEASE GIVE AN EXPLANATION OF THE INACCURACY/DISPUTE: Paid off at Branch By Mother account Closed She also took all checks for that account

PLEASE PROVIDE INFORMATION (IF ANY) ABOUT THE PERSON(S) YOU BELIEVE TO BE RESPONSIBLE FOR THIS ACCOUNT

Name: Rosetta McMahon Date of Birth: 10-4-57 Social Security #: ______
Address: 1646 Walnut Dearborn Mi. 48127 Business Address: ______
Home Phone # ______ ? Business Phone # ______

**Do you have written proof of the inaccuracy/dispute?**
[X] Yes. If yes, please return proof of inaccuracy/dispute.
[ ] No

**Was a police report filed?**
[ ] Yes. If yes, please return copy of police report with this form.
[ ] No

I have supplied information known to me, in response to the circumstances relating to this inaccurate/dispute account.

x [signature] **Signature** x 7-17-07 **Date**

*SBEIRJM*

000 002

That is the Last Known address I have for HeR

..CLOSING

SEAN P MCMAHON

355-244880-3

03/24/03

0.00

account was closed and Paid OFF at Branch By My Mother Rosetta McMahon She took all Remaining Checks Sean McMahon 4-5-03

TOTALLY FREE CHECKING ACCOUNT

2 ACCOUNT SUMMARY:

| | |
|---|---|
| BEGINNING STATEMENT BALANCE AS OF 2/25/03 | 252.45- |
| 1 DEPOSITS AND OTHER CREDITS | 341.95 |
| 3 CHECKS AND OTHER DEBITS | 89.50 |
| INTEREST POSTED THIS STATEMENT | .00 |
| SERVICE CHARGES, POSTED THIS STATEMENT | .00 |
| ENDING STATEMENT BALANCE AS OF 03/24/03 | .00 |

ANNUAL PERCENTAGE YIELD EARNED .00

2 TRANSACTION ACTIVITY:

| 2 DATE | AMOUNT | | BALANCE |
|---|---|---|---|
| 02/25 | | PREVIOUS BALANCE | 252.45- |
| 02/28 | 30.00 | SUSTAINED OVERDRAFT FEE | 282.45- |
| 03/03 | 29.50 | NSF CHARGE | 311.95- |
| 03/06 | 30.00 | SUSTAINED OVERDRAFT FEE | 341.95- |
| 03/11 | 341.95 | NOW CHARGE OFF | .00 |

2 NO CHECK ACTIVITY

*RJM ACQUISITIONS LLC*
*575 Underhill Blvd.*
*Suite 224*
*Syosset, NY 11791*
*1 (800) 651-4572 Toll Free*
*Fax # (516) 714-1310*

877-363-4605

May 17, 2007

SEAN P MCMAHON
[redacted]

| | |
|---|---|
| **Original/Previous Creditor:** | **CHARTER ONE BK, N.A. OVERDRAFT/DDA** |
| **RJM File Number:** | **1005618908** |
| **Account Balance:** | **$341.95** |
| **Account Number** | **[redacted]48803** |

Dear SEAN P MCMAHON:

RJM ACQUISITIONS LLC ("RJM") has become aware of an inquiry you made concerning the above referenced account owned by RJM.

The enclosed documents we are sending in response to your inquiry constitute verification of the debt.

RJM ACQUISITIONS LLC takes seriously its duty to maintain accurate information concerning this account. If you believe any information contained in this letter or the enclosed documents is not accurate, kindly complete the enclosed Notification of Inaccuracy/Dispute form and return the form to us using the postage paid return envelope provided.

Very truly yours,

Jamie Rozansky /VL

Jamie Rozansky
Director of Operations

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

SBEIRJM

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

County in which this action arose Wayne

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Sean McMahon

(b) County of Residence of First Listed Plaintiff Wayne
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Brian P. Parker (P48617)
30700 Telegraph Road, Suite 1580
Bingham Farms, MI 48025
(248) 642-6268

**DEFENDANTS**

RJM Acquisitions LLC

County of Residence of First Listed Defendant Nassau
(IN U.S. PLAINTIFF CASES ONLY)

Case: 2:07-cv-13151
Assigned To: Borman, Paul D
Referral Judge: Scheer, Donald A
Filed: 07-27-2007 At 04:49 PM
CMP MCMAHON V RJM ACQUISITIONS LLC (LG)

**II. BASIS OF JURISDICTION** (Select One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITI[ZENSHIP OF PRINCIPAL PARTIES]** (For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Select One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☑ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Select One Box Only)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 15 U.S.C. 1692-1692

Brief description of cause: FDCPA

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ $25,000+

CHECK YES only if demanded in complaint: JURY DEMAND: ☑ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE 7-27-07 SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # AMOUNT

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?

☐ Yes
☑ No

If yes, give the following information:

Court: ____________________

Case No.: ____________________

Judge: ____________________

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)

☐ Yes
☑ No

If yes, give the following information:

Court: ____________________

Case No.: ____________________

Judge: ____________________

Notes :